IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

WIX.COM LTD.,

        Plaintiff,

v.                                                           JURY TRIAL DEMANDED

ELECTRONIC COMMUNICATION
TECHNOLOGIES LLC,

        Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT
NONINFRINGEMENT AND INVALIDITY, AND RELATED STATE-LAW CLAIMS**

Plaintiff Wix.com Ltd. ("Wix") files this Complaint for Declaratory Judgment of Patent Non-Infringement and Invalidity, and also asserts direct claims for Tortious Interference, and Deceptive and Unfair Trade Practices against Defendant Electronic Communication Technologies LLC ("ECT"), and in support of its Complaint alleges as follows:

**Nature and Basis of Action**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq.*, as well as under the statutory and common law of the State of Florida.

2. In this action, Wix seeks a declaration that: (i) it and its customers utilizing Wix technology do not infringe any valid claim of U.S. Patent No. 9,373,261 ("the '261 patent" or "Patent-in-Suit"); and (ii) each of the claims of the Patent-in-Suit are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112. A true and correct copy of the '261 patent is attached hereto as Exhibit A. Wix also asserts causes of action for damages and injunctive relief against

ECT for tortious interference with contract, and for ECT's violations of the Florida Deceptive And Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, et seq.

## The Parties

3.  Plaintiff, Wix.com, Ltd. is an Israeli corporation with a principal place of business at 40 Namal Tel Aviv St., Tel Aviv, Israel 6350671.  Wix.com Ltd. is a leading website development company with millions of users worldwide. Wix.com Ltd. has a wholly owned subsidiary, Wix.com Inc. that has a place of business in this District at 1691 Michigan Ave., Miami Beach, Florida 33139.  Wix.com Inc. provides customer support functionality for users in the United States. Wix.com Inc. employs over 120 people in this Judicial District.

4.  Upon information and belief, Defendant Electronic Communication Technologies, LLC is a corporation organized and existing under the laws of Florida, and lists its principal place of business at 711 SW 24th Ave., Boynton Beach, Florida 33435, which appears to be a single family home.

5.  Upon information and belief, ECT's registered agent and managing member is Pete A. Sirianni III.  According to ECT's filings with the Florida Secretary of State's office, Mr. Sirianni's registered business address is 115 NW 17th Street, Delray Beach, FL 33444.  Upon information and belief, Mr. Sirianni's registered business address is also a single family home.

6.  Upon information and belief, ECT is a non-practicing patent entity and does not manufacture, produce and/or sell any products or services. Upon information and belief, Eclipse IP LLC ("Eclipse") changed its name to Electronic Communication Technologies LLC in 2015. Upon information and belief, Eclipse was also a non-practicing entity.  Upon information and belief, ECT and Eclipse share many of the same principals, including both listing Mr. Sirianni III as managing member and registered agent.  In addition, upon information and belief, Scott

Hortsemeyer, the inventor of the Patent-in-Suit here, is a current member of ECT LLC and was previously a member of Eclipse LLC.

7. Upon information and belief, ECT, like Eclipse before it, is in the business of patent licensing through the threat of litigation and ECT has sent dozens, if not hundreds, of cease and desist letters to companies throughout the country. Upon information and belief, ECT's letters demand license fees significantly lower than the cost of litigation (often $15,000, regardless of the size or revenue of the target) and threaten that if ECT's demand is not met, it will bring patent infringement claims against the target. ECT has followed through on many of those threats and has filed dozens of infringement suits asserting infringement of the '261 patent, including several cases in this District. This is on top of the hundreds of patent infringement lawsuits filed by Eclipse on related patents prior to its name change.

8. Upon information and belief, ECT is the owner by assignment of the right, title and interest in at least twenty-six issued United States Patents, including the Patent-in-Suit.

## Jurisdiction and Venue

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, as those claims are so related to claims in the action within the Court's original subject matter jurisdiction that they form part of the same case or controversy.

10. This Court has personal jurisdiction over ECT pursuant to Fla. Stat. §48.193(1)(a)(1) and (a)(2) because: (1) ECT has as an office or agency in this state, and operates, conducts, engages in, or carries on a business or business venture in this state, and Wix's claims herein arise out of ECT's presence and activity in this state; and (2) ECT has

committed in this state the tortious acts alleged herein. Additionally, this Court has personal jurisdiction over ECT pursuant to Fla. Stat. § 48.193(2) because ECT engages in substantial and not isolated activity in this state.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 as ECT is incorporated in Florida and has a principal place of business in this District.

## Wix's Website Builder Software and Functionality

12. Wix was founded in 2006 and is now a leading cloud-based website development platform with millions of users worldwide. Wix makes it easy for anyone to create a beautiful, professional web presence. Wix's website builder allows users to create a fully personalized, high quality website for free.

13. Wix's technology empowers millions of businesses, organizations, professionals and individuals to take their businesses, brands and workflow online. The Wix "drag and drop" HTML5 Editor and highly curated App Market enable users to build and manage a fully integrated and dynamic digital presence without the need to code.

14. Wix also offers a premium subscription service which allows users to add additional e-commerce functionality to their website built on the Wix platform. This includes connecting to a user's own domain and personalized email, as well as the ability to accept a variety of online payments. This allows the user to create their own e-commerce presence on the web where they can sell their own products and services, and ship and accept payments for those goods and services directly through their own website. The Wix services also include the ability for the website owner to send automated email confirmations of purchases and notifications when the goods are shipped.

**ECT's Patent Infringement Assertion Against Wix's Customer**

15. One such Wix premium customer is Higuchi Online Inc. d/b/a Citylife USA ("Higuchi") which runs a website at https://www.citylifeusa.com. Higuchi designed its website using Wix's platform and is a subscriber to Wix's premium subscription service. Higuchi's website allows its customers to purchase various goods using a credit card and then sends an order confirmation after the purchase. Higuchi's website also sends its customers emails when the customer's purchase is being shipped. This underlying functionality is provided, at least in part, by Wix as part of the premium subscription service.

16. On or about September 19, 2018, Jean G. Vidal Font of the law firm Ferraiuoli LLC, counsel for ECT, sent a letter to Aliza Elazar Higuchi, President of Higuchi, demanding that Higuchi pay a license fee of $15,000 in exchange for a license to all of ECT's patents, including the '261 patent. A true and correct copy of that letter is attached hereto as Exhibit B.

17. The functionality accused of infringing the '261 patent in the letter is the electronic shipment notification emails that contain previously provided customer information as a purported means of authenticating the communication. This functionality is provided to Higuchi, at least in part, as part of the Wix premium subscription service.

18. Upon information and belief, at the time it sent the letter to Higuchi, ECT knew, or should have known, that Higuchi's accused website was created using the Wix platform and thus used the Wix premium subscription service to provide the accused functionality. This information could have been easily ascertained by right clicking anywhere on the Higuchi website and then clicking on the "View page source" description.

19. The Patent-in-Suit in the present declaratory judgment action is the same '261 patent being asserted by ECT against Wix's customer.

20. The title of the '261 patent is "Secure Notification Messaging With User Option to Communicate with Delivery or Pickup Representative," and it was filed on March 2, 2015. Scott Hortsemeyer is the named inventor on the '261 patent and upon information and belief, is a member of ECT LLC.

21. In its letter to Higuchi, ECT claims priority for the '261 patent back to May 28, 2003. The '261 patent indicates that at least two provisional patent applications were filed on that date. The '261 patent purports to claim priority to and largely shares the specification of U.S. Patent No.7,119,716, which itself is in the same patent family as U.S. Patent Nos. 7,064,681 and 7,113,110 (the '716, '681, and '110 patents are collectively referred to hereinafter as the "Eclipse Patents"). All four patents purport to claim priority back to the same set of provisional applications, have nearly identical specifications, and the claims in all four patents are materially indistinguishable from one another and claim remarkably similar subject matter.

22. On September 4, 2014, the Eclipse Patents were found to claim unpatentable subject matter and were therefore ruled invalid under 35 U.S.C. § 101. *See Eclipse IP, LLC v. McKinley Equip. Corp.*, No. 8:14-cv-742, 2014 WL 4407592 (C.D. Cal. Sept. 4, 2014). Specifically, the court found that the patent claims of all three Eclipse Patents were directed to an abstract idea with no inventive concept. A copy of that decision is attached as Exhibit C.

23. The '261 patent itself has previously been challenged on section 101 grounds in at least one other case. *See Electronic Communication Technologies, LLC v. The Pep Boys – Manny, Moe & Jack, d/b/a The Pep Boys*, Dkt. No. 28, Case No. 9:16-cv-81676-KAM (S.D. Fla. January 3, 2017). A copy of that Motion is attached as Exhibit D. The issue was fully briefed and oral argument was held, but ECT moved to voluntarily dismiss the case before the Court ruled on the Motion.

24. Several other ECT targets have fought back against ECT's baseless demands, but in every instance, rather than substantively defend the '261 patent, upon information and belief, ECT simply dismisses its claims, sometimes offering a covenant not to sue so as to divest the court of jurisdiction over any patent related declaratory judgment actions. After ECT sent a demand letter to Fairytale Brownies asserting infringement of the '261 patent, the non-profit group Electronic Frontier Foundation ("EFF") sent a letter to ECT on September 13, 2017 detailing why the '261 patent is invalid under §§ 101, 102 and 103. A copy of this letter and its attached, detailed claim charts, can be found at https://www.eff.org/deeplinks/2017/09/patent-troll-electronic-communication-technologies-llc. Upon information and belief, since receiving this letter, ECT has not filed any additional lawsuits asserting the '261 patent.

25. Nevertheless, Counsel for ECT stated in their letter to Higuchi, attached as Exhibit B, that they were contacting Higuchi "regarding the licensing and enforcement of ECT's intellectual property" including the '261 patent. The letter went on to state that "[t]he automated messaging features of [Higuchi's] Order Confirmation and also its Shipping Confirmation online system infringe claims of the ['261 patent]." Finally, the letter stated that "ECT is enthused about and looks forward to licensing and enforcing its 13 patents that cover core technologies used widely in the online retail market. These technologies broadly include location tracking, email, SMS and other electronic shipment confirmations and embedded website hyperlinks." The letter also included a claim chart purporting to show how Higuchi's website infringes the '261 patent. *See* Exhibit B.

26. Higuchi notified Wix of ECT's letter and claimed that Higuchi's ability to send confirmation and tracking emails is provided by Wix as part of Wix's premium subscription service. Higuchi further demanded that Wix defend the infringement claim for Higuchi since

Wix is the designer of the accused functionality. A dispute exists as to whether Wix owes any contractual indemnification or defense obligation or any similar obligation to its customers under the Florida Commercial Relations Uniform Commercial Code.

27. Nevertheless, ECT's statements and unequivocal allegations of infringement to Wix's customer, ECT's implicit assertion that Wix has indirectly or contributorily infringed the '261 patent, and Wix's customer's demand for defense and indemnification from Wix, create an actual case or controversy as to whether Wix and its customer are infringing any valid claim of the Patent-in-Suit.

28. ECT's statements and threat of litigation show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. Wix and its customer continue to utilize and offer within this Judicial District and elsewhere the notification and messaging technology that ECT has accused Wix's customer of using to infringe the Patent-in-Suit.

## COUNT I

### Declaration of Non-Infringement

30. Wix reincorporates and realleges the allegations of Paragraphs 1 through 29 above as if fully set forth herein.

31. ECT has asserted that Wix's customer Higuchi infringes the '261 patent by using Wix's shipment notification systems. ECT's infringement allegations are objectively and subjectively baseless and made in bad faith as ECT knew or should have known that Higuchi does not infringe any valid claim of the '261 patent.

32. Wix's shipment notification systems, as used by Wix and its customers, do not infringe any valid claim of the '261 patent because the accused functionality does not satisfy all limitations of those claims and/or the claims are invalid.

33. Based on ECT's correspondence and statements to Wix's customer, an actual case or controversy exists as to whether Wix and its customer infringe the '261 patent, and Wix is entitled to a declaration that it and its customers do not infringe any valid claim of the '261 patent.

## COUNT II

### Declaration of Invalidity

34. Wix reincorporates and realleges the allegations of Paragraphs 1 through 29 above as if fully set forth herein.

35. ECT has asserted that Wix's customer Higuchi infringes the '261 patent by using Wix's shipment notification systems. ECT's infringement allegations are objectively and subjectively baseless and made in bath as ECT knew or should have known that the '261 patent, including claim 11 that was asserted against Higuchi, is invalid under the United States Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

36. One or more claims of the '261 patent are invalid pursuant to 35 U.S.C. § 101 for failing to claim patentable subject matter. The claims of the '261 are indistinct from the claims that were found invalid in the *Eclipse IP LLC v. McKinley Equip. Corp.*, case cited above.

37. One or more claims of the '261 patent are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or rendered obvious by the prior art, including but not limited to U.S. Patent No. 7,664,651 and the art identified in EFF's September 13, 2017 letter.

38. One or more claims of the '261 patent are invalid pursuant to 35 U.S.C. § 102(f) because the applicant and sole named inventor did not himself invent the subject matter sought.

39. One or more claims of the '261 patent are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

40. Based on ECT's correspondence and statements against Wix's customer, an actual case or controversy exists as to whether Wix and its customers infringe any valid or enforceable claim of the '261 patent, and Wix is entitled to a declaration that the '261 patent is invalid.

## COUNT III

### Tortious Interference with Contract

41. Wix reincorporates and realleges the allegations of Paragraphs 1 through 29, 31, and 35 through 37 above as if fully set forth herein.

42. Higuchi is a customer of Wix and subscribes to its premium subscription services. As such, a business relationship exists between Wix and Higuchi.

43. There is a high probability of future economic benefit to Wix as a result of these current and prospective business relationships, especially given Higuchi's subscription to Wix's premium services.

44. ECT knew or should have known of this business relationship as one need only right click on the Higuchi webpage and select "View page source" to see that Higuchi's website was designed using Wix's platform. A simple web search would have revealed this as well. Upon information and belief, such an analysis should have been done as part of ECT's investigation of Higuchi's alleged infringement.

45. ECT then intentionally and unjustifiably interfered with, and/or knowingly facilitated a conspiracy to interfere with this business and contractual relationship with Higuchi.

46. Specifically, but without limitation, upon information and belief, ECT knew or should have known that Wix has contractual and business relationships with Higuchi. ECT interfered with these relationships by sending a letter to Higuchi accusing functionality that ECT knew or should have known was provided by Wix of infringing ECT's patent and demanding payment of $15,000 or Higuchi would face an infringement lawsuit.

47. ECT is intentionally and unjustifiably interfering with Wix's contracts and business relationship through improper means, including sending threatening letters to Wix's customer asserting the customer is infringing a patent claim that ECT knew or should have known was not valid or infringed as set forth in detail above, and in violation of the law as set forth in other Counts. As such, ECT engaged in the acts of interference.

48. ECT's acts injured Wix's business and contractual relationship by harming the relationship between Wix and Higuchi, and requiring Wix to spend significant sums to defend against ECT's baseless infringement allegations.

49. Wix has been proximately damaged in excess of $75,000 and continues to be damaged as a result of ECT's tortious interference.

50. ECT's conduct alleged herein was intentional, malicious, and willful, and was undertaken by ECT with actual knowledge of the wrongfulness of the conduct and the high probability that damage to Wix or its customers would result. Despite that knowledge, ECT intentionally pursued that course of conduct, resulting in injury or damage to Wix and/or its customers. Alternatively, ECT's conduct was so reckless or wanting in care that it constituted a

conscious disregard or indifference to the rights of Wix and/or its customers. Accordingly, ECT's conduct as alleged herein warrants the imposition of punitive damages.

## COUNT IV

### Deceptive and Unfair Trade Practices (Fla. Stat. § 501.201, et seq.)

51. Wix reincorporates and realleges the allegations of Paragraphs 1 through 29, 31, and 35 through 37 above as if fully set forth herein.

52. ECT has and is engaged in unfair, unconscionable, and/or deceptive trade acts or practices in the conduct of trade, in violation of the FDUTPA's prohibition against unlawful acts and practices set forth in Fla. Stat. § 501.204(1).  This includes sending demand letters to at least one of Wix's customers, and upon information and belief, to numerous others, demanding that they pay ECT a "license fee" to avoid infringement litigation.  Upon information and belief, ECT sent these letters knowing that the targets of their letters did not infringe any valid claim of ECT's patents.

53. ECT's acts have damaged, impaired, and diluted Wix's goodwill and good name.

54. ECT's threat constitutes unfair competition and deceptive acts or practices in the conduct of trade or commerce as prohibited by Fla. Stat. § 501.204.

55. ECT's deceptive and unfair business practices are of a recurring nature and harmful to consumers and the public at large, as well as Wix. Upon information and belief, ECT has sent dozens of similar letters to other online retailers and has filed at least 34 lawsuits to enforce the '261 patent which ECT knew or should have known was invalid and unenforceable. These practices constitute unlawful, deceptive, unfair, and fraudulent business practices.

56. As a result of ECT's acts, Wix has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages in excess of $75,000. In addition, as

a result of ECT's unfair acts, Wix has suffered actual harm by having to expend considerable sums to defend its customer Higuchi, and itself, from ECT's baseless accusations. Unless enjoined by this Court, ECT will continue these acts, thereby causing Wix further immediate and irreparable damage.

57. ECT's conduct alleged herein was intentional, malicious, and willful, and was undertaken by ECT with actual knowledge of the wrongfulness of the conduct and the high probability that damage to Wix or its customers would result. Despite that knowledge, ECT intentionally pursued that course of conduct, resulting in injury or damage to Wix and/or its customers. Alternatively, ECT's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Wix and/or its customers. Accordingly, ECT's conduct as alleged herein warrants the imposition of punitive damages.

## Jury Demand

Wix demands a jury trial on all issues so triable.

## Request for Relief

WHEREFORE, Wix respectfully request that the Court enter judgment:

A. That Wix and its customers utilizing Wix technology do not infringe any valid claim of the Patent-in-Suit;

B. That the claims of the Patent-in-Suit are invalid;

C. That ECT has tortiously interfered with contractual relations between Wix and its customers;

D. That ECT has committed acts of deceptive and unfair trade practices in violation of § 501.204 of FDUTPA;

- 14 -

E. That this case is exceptional and awarding Wix its attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285;

F. Awarding Wix compensatory and punitive damages arising out of ECT's tortious interference as alleged in Count III;

G. Awarding Wix compensatory damages, punitive damages and attorneys' fees and court costs pursuant to §501.2105 of FDUTPA;

H. Enjoining ECT from asserting that any additional Wix customers or Wix itself infringes any claim of the Patent-in-Suit;

I. Enjoining ECT from engaging in further deceptive and unfair trade practices in violation of FDUTPA; and,

J. Granting Wix such additional relief as the Court may deem just and proper.

Dated: November 7, 2018.

*/s/ Jay B. Shapiro*
Jay B. Shapiro
Florida Bar No. 776361
Ryan Thornton
Florida Bar No. 99195
STEARNS WEAVER MILLER
WEISSLER ALHADEFF
& SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, FL 33130
Phone: (305) 789-3229
Fax: (305) 789-2664
Email: jshapiro@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Scott J. Pivnick (*pro hac vice* forthcoming)
D.C. Bar No. 455195
Thomas W. Davison
Florid Bar No. 55687
ALSTON & BIRD LLP
The Atlantic Building
950 F Street NW
Washington, DC  20004-1404
Phone: 202-239-3300
Fax: (202) 654-4844
Email: scott.pivnick@alston.com
Email: tom.davison@alston.com

Robert L. Lee (*pro hac vice* forthcoming)
Georgia Bar No. 443978
ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 253-8277
Email: bob.lee@alston.com

*Attorneys for Plaintiff*
*Wix.com, Ltd.*